UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ROBERT L. HOLLEMAN,                    )
                                       )
                 Plaintiff,            )
                                       )        CAUSE NO. 2:14CV019-PPS
          vs.                          )
                                       )
JOHN BUNCICH, *et al.*,                )
                                       )
                 Defendants.           )

OPINION AND ORDER

Robert L. Holleman, a *pro se* prisoner when he filed this lawsuit, was granted

leave to proceed against Sheriff Buncich, Dr. William Forgey and Penny Cantu, for

failing to provide him with his medically prescribed gluten-free diet while he was

incarcerated at the Lake County Jail. (DE 76.) Dr. Forgey has since been dismissed from

this case, leaving only Sheriff Buncich and Penny Cantu as defendants. Because Cantu

did not appear or otherwise defend the claim, the clerk entered default against her. (DE

111.) Cantu now moves to set aside the clerk's entry of default. (DE 187.)

Rule 55(c) of the Federal Rules of Civil Procedure allows relief from entry of

default for good cause.  The moving party must show (1) good cause to set aside the

default, (2) quick action to correct the default, and (3) the existence of a meritorious

defense to the complaint.  *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir.

2009).  While the same test applies for motions seeking relief from default judgment

under Rule 60(b), the test is "more liberally applied in the Rule 55(c) context."  *Id.*

Furthermore, "[w]hether or not to vacate a default is in the sound discretion of the

district court." *Sun v. Board of Trustees of University of Illinois*, 473 F.3d 799, 810 (7ᵗʰ Cir. 2007).

The cause offered by Cantu for her default is that she never received the amended complaint or summons and knew nothing about this lawsuit until she was told about it by Attorney Enslen on August 25, 2016. (DE 182-2; 188-6.) There is no dispute that service was proper. The U.S. Marshal mailed the summons and amended complaint via certified mail to Cantu at the Lake County Jail. An individual named "A. Johnson" accepted service on her behalf. (DE 188-2.) Nevertheless, the summons and amended complaint somehow got lost in the shuffle and never made it to Cantu. Holleman believes Cantu's assertion that she never received service is incredible because the other two defendants in this case were served in the exact same manner, at the exact same address, and they actively participated in this case. Holleman also expresses fear that allowing Cantu to enter the litigation this late in the game will entice other defendants to do the same. I do not share either of Holleman's concerns.

Snafus happen, in the Lake County Jail as elsewhere. Holleman's skepticism does not persuade me to reject Cantu's representation made under oath that she did not receive notice of this lawsuit until she was told about it by Attorney Enslen. (DE 187-2.) Cantu was added as a defendant in an amended complaint, so her service by mail was accomplished at a different point in time from the service on the other defendants. While the Lake County Jail apparently needs more reliable procedures in place, I do not find any intentional wrongdoing or evasion of service, and I accept Cantu's lack of

actual notice of the lawsuit as good cause. *See Cracco*, 559 F.3d at 631 (finding good cause where the defendant "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence").

Second is the requirement of speedy action upon learning of the default situation. Holleman points out that this motion was filed over a year after the default was entered. However, the appropriate starting point is the time Cantu learned of the default, not the time default was entered. Accepting that Cantu only learned of this lawsuit on August 25, 2016 (DE 188-6), she took quick action to correct her delinquency. Almost immediately, Attorney Enslen entered his appearance on her behalf and filed the motion to vacate the entry of default. (DE 184, 187.)

Finally is the matter of a meritorious defense to Holleman's allegations that he was not served a gluten-free diet. In her affidavit, Cantu recounts that she reviewed the Lake County Jail records and that Holleman was, in fact, served a gluten-free diet. (DE 187-2 at ¶¶ 5-7.) Holleman argues that this conclusion is insufficient to support a meritorious defense and points out many potential holes in Cantu's defense. However, "[a] meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). Under this standard, I find that Cantu has offered a sufficiently meritorious defense to set aside an entry of default.

Clearly, Holleman would prefer that this case be concluded in his favor against Cantu at once rather than litigated on the merits. While the court is not unsympathetic to his position, there is a federal policy in favor of litigation on the merits, rather than through entry of default judgment. *Cracco*, 559 F.3d at 631. Notably, Holleman has not identified any particularized prejudice he suffered as a result of the delay, nor do I find that to be the case. Indeed, Holleman is still actively litigating this case against Sheriff Buncich. I have recently reopened discovery and scheduled a trial to commence on May 8, 2017. Thus, Holleman should have adequate time to conduct any necessary discovery against Cantu and, absent any unforeseen delays, will have the ability to get his case decided on the merits soon.

Under these circumstances, the motion to set aside the entry of default will be granted. Holleman asks that before I vacate the entry of default I first "order Cantu to provide a complete and thorough explanation of Cantu's default and that the Court then delay any further ruling until Plaintiff Holleman is able to investigate the factual circumstances regarding Cantu's receipt of the summons and Amended Complaint in the ordinary course of discovery, including through appropriate depositions or other discovery directed to Cantu and other knowledgeable persons." (DE 188 at 7, n. 3.) Respectfully, I'll decline that invitation. It is now time to move on to the merits of the case.

For these reasons, the court:

(1) **GRANTS** the motion to set aside the entry of default (DE 187);

(2) **VACATES** the entry of default against Penny Cantu (DE 111); and

(3) **ORDERS** Penny Cantu to answer the complaint on or before October 31, 2016.

**SO ORDERED**.

ENTERED: October 24, 2016.

_/s/ Philip P. Simon_____
Chief Judge