UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| ROBERT L. HOLLEMAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 2:14-CV-019 PS |
| vs. | ) | |
| | ) | |
| JOHN BUNCICH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Robert L. Holleman filed this civil rights lawsuit relating to his six day stay at the Lake County Jail in 2013. He claims that he was deprived of his right to a medically prescribed gluten-free diet for the six days he spent at the Lake County Jail in 2013. Holleman suffers from celiac disease, and although his stay in Lake County was brief, six days of a gluten-filled diet caused him great distress including repeated diarrhea, bloating and bloody hemorrhoids. Holleman brought this case against several defendants but my present concern is only on the case against Dr. Forgey, the jail doctor. Over a year ago, Forgey moved for summary judgment, and in that motion, Forgey provided an undisputed, sworn declaration that: (1) the Lake County Jail had a special gluten-free diet; (2) Dr. Forgey ordered a gluten-free diet for Mr. Holleman; and (3) Dr. Forgey did not cause the problems with Holleman's meals nor was there anything to indicate that he stood in the way of Holleman receiving adequate nutrition. ECF 104. Based on these undisputed facts, I granted summary judgment in favor of Dr. Forgey. ECF 166.

Subsequently, counsel was appointed to represent Holleman in his case against the remaining defendants, and I allowed the parties to conduct further discovery. In that process, Holleman through counsel was able to discover facts that he says calls into question my earlier grant of summary judgment for Dr. Forgey. Holleman has now filed a motion to reconsider (ECF 202) that summary judgment order, asserting that newly discovered evidence contradicts the facts contained in Dr. Forgey's declaration.

Here's what the new evidence reveals. In 2012, Dr. Forgey created a "Restricted Diet" at the jail, which he directed to be served to those inmates requiring a gluten-free diet, such as Holleman. ECF 214-1 at pp. 12-15; ECF 203-5 at pp. 115,133; ECF 203-4 at pp. 159-161, 182. But Holleman has now submitted persuasive evidence—scientific testing—that the "Restricted Diet" actually is not gluten free. ECF 63-2; ECF 203-4 at pp. 47, 52, 136-137; ECF 203-9; ECF 203-7 at pp. 28-29. In response, Dr. Forgey argues that this evidence, though new to this case, is not "newly discovered evidence," and should not be used to reconsider the motion for summary judgment.

On May 8, 2017, I heard oral argument on the motion to reconsider, where Dr. Forgey's counsel admitted that, contrary to the previously submitted declaration, Dr. Forgey did have a role in determining meal menus at the jail and that the jail did not have an available gluten-free diet in 2013. The matter is now before me to determine whether the new evidence is sufficient to cause me to reconsider my earlier grant of summary judgment.

## I. Justice requires that the motion to reconsider be granted under Rule 54(b).

As a threshold matter, the parties disagree as to whether I can consider Holleman's new evidence at this stage in the proceedings. Dr. Forgey argues that this evidence cannot be considered because it is not "newly discovered evidence." Dr. Forgey asserts that Holleman could have discovered all of this evidence on his own if he would have simply used reasonable diligence. ECF 211 at pp. 5-6. If this case merely involved the question of whether I should consider newly discovered evidence, I may need to ask whether Holleman exercised reasonable diligence in trying to discover this evidence while the motion for summary judgment was pending. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246 (7th Cir. 1987). But the issue in this case involves more than just "newly discovered evidence." It involves Dr. Forgey making misleading, inaccurate, and perhaps even false statements in his earlier declaration that led me to believe that certain facts were true, when it is now clear that they are not.

Thus, I have broad discretion to reconsider the grant of summary judgment and reopen the case against Dr. Forgey under Rule 54(b) of the Federal Rules of Civil Procedure. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."). Unlike a motion to reconsider a final judgment, which must meet the more stringent requirements of Federal Rules of Civil Procedure 59 or 60, "a motion to reconsider an interlocutory order may be entertained and granted as justice requires." *Akzo Coatings, Inc. v. Aigner Corp.*, 909 F.Supp. 1154, 1160 (N.D. Ind. 1995).

Reconsideration of an interlocutory order may be appropriate when the facts or law on which the decision was based change significantly after issuance of the order. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Here, justice requires reconsidering the motion for summary judgment in light of the entire record now before me. At the very least, the record establishes that there are many genuine issues of disputed fact and that some material statements previously made in Dr. Forgey's declaration may be untrue.

**II.     Dr. Forgey's motion for summary judgment will be denied because the new evidence reveals that there are genuine disputes of material fact.**

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate, however, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in his or her own pleading, but rather must

4

"marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

In this case, Holleman alleged Dr. Forgey violated the Eighth Amendment by failing to take adequate steps to ensure that he received his medically prescribed diet. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) that his medical need was objectively serious; and (2) that the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

In his original motion for summary judgment, Dr. Forgey claimed that he was not deliberately indifferent to Holleman's condition. Nearly two years ago, Dr. Forgey provided evidence that he did everything he could be expected to do for Holleman to obtain a gluten-free diet. He led me to believe that the jail had an available gluten-free diet to accommodate Holleman's needs, and that he ordered that diet for Holleman. He

5

also stated that his duties at the jail "did not include the determination of meal menus." ECF 104 at ¶ 5. At that time, it appeared as though someone in the jail's kitchen simply disregarded Dr. Forgey's order for Holleman to receive a gluten-free diet. My impression has now changed.

After considering the new evidence, and defense counsel's concession that some of the statements in Dr. Forgey's declaration are untrue, there is evidence that the jail did not have an available gluten-free diet in 2013. Moreover, it does not appear as though Dr. Forgey did everything he could be expected to do to ensure Holleman received a gluten-free diet. In stark contrast, it appears he personally caused Holleman to be served meals containing gluten. Dr. Forgey made the determination as to what food items should be served to inmates needing a gluten-free diet, but, unfortunately, this included food that actually contained gluten. If I would have been aware of these facts when originally considering Dr. Forgey's motion for summary judgment, I would have denied it.

Admittedly, the record is thin regarding why all of this happened. I do not know why Dr. Forgey directed the jail's kitchen staff to provide food containing gluten to inmates who require gluten-free diets. It is unclear whether Dr. Forgey was confused, mistaken, or simply deliberately indifferent to Holleman's needs. To succeed, Holleman will ultimately have to prove to a jury that Dr. Forgey was deliberately indifferent. *Farmer*, 511 U.S. at 834. But that is a decision left for the jury.

## Conclusion

For these reasons, the court:

(1) **GRANTS** plaintiff Holleman's motion to reconsider (ECF 202);

(2) **VACATES** the opinion and order granting defendant Dr. William Forgey's motion for summary judgment (ECF 166);

(3) **DENIES** defendant Forgey's motion for summary judgment (ECF 102); and

(4) **REINSTATES** Dr. William Forgey as a defendant in this case.

This matter is now set for a Final Pretrial Conference/Settlement Conference on **Thursday, July 6, 2017** at 1:00 p.m., and Trial on **Tuesday, August 1, 2017** at 8:30 a.m.

**SO ORDERED**.

ENTERED: May 15, 2017.             /s/ Philip P. Simon
                                   Judge
                                   United States District Court